IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL SARINANA<br>Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO_____ |
| | § | |
| UNITED PROPERTY & CASUALTY<br>INSURANCE COMPANY AND<br>NITA ADCOCK,<br>Defendants. | §<br>§<br>§<br>§ | JURY DEMAND |

## DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant United Property and Casualty Insurance Company ("UPC") files this Notice of Removal:

### I.      Background

1.      On March 10, 2016, Plaintiff Gabriel Sarinana ("Plaintiff") filed this lawsuit in Hidalgo County, Texas, naming UPC and Nita Adcock ("Adcock") as defendants.

2.      Plaintiff served UPC with a copy of the Petition on March 31, 2016.

3.      Upon information and belief, Nita Adcock has not been served.

4.      UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of matters being filed. A copy of the Docket Sheet is attached as Exhibit "B." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C." A copy of Plaintiff's Original Petition is attached as

Exhibit "D" and a copy of the citation issued to UPC is attached as Exhibit "E." A copy of the citation served on UPC is attached as Exhibit "F." A copy of UPC's Original Answer to Plaintiff's Original Petition is attached as Exhibit "G." The list of Counsel and Parties to the Case is attached as Exhibit "H." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

      6.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending.

## II.    Basis for Removal

      7.    Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.**    <u>**The Proper Parties Are Of Diverse Citizenship.**</u>

      8.    Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

      9.    UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

      10.    Upon information and belief, Adcock is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Adcock, it is UPC's position that Adcock has been fraudulently joined in this action. Therefore, the Texas citizenship of Adcock should be disregarded for the purposes of evaluating diversity in this matter.

11. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12. Here, Plaintiff asserts generic claims against Adcock for violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Act. *See* Pl's Orig. Pet., Exhibit D, ¶¶ G-J and pp. 8-17). Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Adcock because no real facts relating to her have been set forth. Plaintiff's claims against Adcock consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also* <u>Ashcroft v Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009)</u>. As such, Plaintiff cannot "establish a cause of action against [Adcock] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Adcock, her presence should be disregarded in determining diversity jurisdiction.

13. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the proper parties.

B.     **The Amount in Controversy Exceeds $75,000.00.**

14.    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that Plaintiff seeks damages "over $100,000 but not more than $200,000." *See* Exhibit C § VIII.

### III.    Conclusion and Prayer

15.    Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. UPC hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**SHANNON BECK**
sbeck@thompsoncoe.com
State Bar No. 24092102
Southern District No.: 2715159

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

**COUNSEL FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of April, 2016, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Ben Crowell
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, TX  78232
Fax:  (210) 495-6790
bcrowell@speightsfirm.com
*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson